F ATTR ORNA EYS AN T LAWK LLP N2 21 1E2 2W 6 68 8 Y2 2O 1 1R8 85 9K3 2, N Y FA 1 X00 07 
 gfrank@frankllp.com 
 www.frankllp.com 
 Feb. 1, 2022 
VIA ECF 

Hon. Barbara Moses, U.S.M.J. 
United States District Court 
Southern District of New York 
500 Pearl St., Room 740 
New York, NY 10007 

Re: Michelo et al. v. Nat’l Collegiate Student Loan Trust 2007-2 et al., 18-CV-1781 
 Bifulco et al. v. Nat’l Collegiate Student Loan Trust 2004-2 et al., 18-CV-7692 

Dear Judge Moses: 

 We represent Plaintiffs in the above-referenced actions and write pursuant to the Court’s 
Order of January 26, 2022 (“Jan. 26 Ord.”).1 The longstanding discovery dispute between 
Plaintiffs and the Transworld Defendants (“TSI”) remains unresolved. 

I. Background 

 The discovery dispute concerns TSI’s nationwide Attorney Network of debt-collection 
firms that prosecute state-court actions on behalf of the National Collegiate Student Loan Trusts, 
including the Trust Defendants herein. Plaintiffs seek three categories of documents that TSI 
refuses to provide, asserting irrelevance and/or privilege: 

 • Documents concerning how TSI selects law firms such as Defendant Forster & 
 Garbus (“Forster”), for inclusion in its nationwide Attorney Network of local law 
 firms to which Trust account collection actions are referred. (Category 1). 

 • Documents reflecting instances in which TSI called back a Trust account collection 
 action that had been referred to a law firm, because TSI lacked proof of 
 indebtedness. (Category 4). 

 • Documents reflecting law firm requests to TSI for additional documents in 
 connection with state-court consumer-defendants’ demands for discovery against 
 the Trusts. (Category 5).2 

1 See Dkt. No. 351 in Case No. 18-cv-1781; Dkt. No. 279 in Case No. 18-cv-7692. 
2 The facts of this dispute have been discussed at length in various prior filings, most recently 
Judge Gardephe’s Jan. 18, 2022 opinion about it. See Dist. Ct. Ord. of Jan. 18, 2022, re TSI-
II. TSI Still Refuses To Produce The Documents Demanded 

 Plaintiffs and TSI held a meet-and-confer concerning the January 26 Order on January 27, 
2022. As to Category 1, TSI confirmed that it possesses documents concerning each law firm’s 
inclusion in the Attorney Network but insists that only Forster’s documents are discoverable. TSI 
also argues that documents in Categories 4 and 5 are not discoverable. 

 A. TSI Refuses To Produce Category 1 Documents 

 TSI has argued that discovery must be limited to Forster based on false distinctions 
between Forster and the other Attorney Network firms. As the District Court found, this logic is 
inconsistent with the facts of Defendants’ operations, and no basis has been identified by TSI for 
limiting Category 1 to Forster alone. See Dist. Ct. Ord. of Jan. 18, 2022, re TSI-Attorney Network 
Discovery, at 5 (citing Mag. J. Ord. of Oct. 23, 2020, at 4 (“[The] Amended Consolidated 
Complaint[,] which alleges a nationwide class, is a sufficient ground on which to reject TSI’s 
argument that non-New York documents are beyond the broad scope of Rule 26(b)(1).” (citations 
omitted)) (Dkt. No. 241 in Case No. 18-cv-1781)). 

 All firms in the Attorney Network, including Forster, are subject to TSI’s uniform protocols 
for screening, retention, auditing, and the like. What is discoverable against Forster is discoverable 
against all other Attorney Network firms, and the evidence of what Forster was required to do for 
inclusion in the Attorney Network is evidence of what all other firms did. There is no reason to 
segregate Forster or evidence about it. Ciesniewski v. Aries Capital Partners, Inc., No. 16-cv-817, 
2019 U.S. Dist. LEXIS 111255, at *4–8 (S.D. Ind. July 3, 2019) (FDCPA plaintiff granted 
discovery into operations of network of attorneys debt buyer used to act against consumers in state 
courts); Plascencia v. Collins Asset Grp., LLC, No. C17-1505, 2019 U.S. Dist. LEXIS 41146, at 
*7–8 (W.D. Wa. Mar. 13, 2019) (same); cf. Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 
299–307 (2d Cir. 2003) (ruling that lower court erred in denying FDCPA class-action plaintiff 
discovery into details of actions against consumers by national network of collection attorneys). 

 B. TSI Refuses To Produce Category 4 and 5 Documents 

 As to Categories 4 and 5, a key claim here is that Defendants sued consumers in state court 
without the intention to litigate the debt alleged if the consumer disputed it. Michelo v. Nat’l 
Collegiate Student Loan Trust 2007-2, 419 F. Supp. 3d 668, 679 (S.D.N.Y. 2019) (Gardephe, J.) 
(stressing that Section 1692e(5) & -(10) of the FDCPA proscribes “‘tak[ing] any action that . . . is 
not intended to be taken’”) (denying Defendants’ motions to dismiss claims under FDCPA and 
similar state law); Sykes v. Mel Harris & Assocs., LLC, 757 F. Supp. 2d 413, 424 (S.D.N.Y. 2010) 
(Chin, J.) (listing cases) (approving “FDCPA claims where debt-buyer allegedly did not intend to 
take claims to trial to prove their merit, but instead intended only to obtain default judgment or 
pursue settlement”).3 

3 TSI sued Plaintiff Tabar—not once, but three times—only to drop the suit when she appeared in 
state court to contest the claims of Trust debts. (Consol Am. Compl, ¶¶ 119–160 (Trust 2007-2 
withdraws suit against Plaintiff Tabar after she answers in state court and demands proof of 
 The documents in Categories 4 and 5 are relevant and are not shielded by privilege. Courts 
have held that, where debt collectors collude in a fraudulent scheme involving abuse of state courts, 
evidence of the scheme cannot be withheld as privileged simply because some of those involved 
are attorneys. Safont v. LVNV Funding LLC, No. 18-cv-356, 2019 U.S. Dist. LEXIS 57814, at *3–
7 (E.D.N.Y. Apr. 3, 2019) (Pollak, Mag. J.) (granting discovery of debt buyer’s communications 
with state-court attorneys, in putative FDCPA class action in which such communications were 
“relevant to the claims in the Complaint” and “reasonably calculated to lead to the discovery of 
admissible evidence”). 

 FRANK LLP 

 By: /s/ Gregory A. Frank . 
 Gregory A. Frank (GF0531) 
 Marvin L. Frank (MF1436) 
 Asher Hawkins (AH2333) 
 305 Broadway, Suite 700 
 New York, New York 10007 
 Tel: (212) 682-1853 
 Fax: (212) 682-1892 
 gfrank@frankllp.com 
 mfrank@frankllp.com 
 ahawkins@frankllp.com 

cc: All counsel of record